USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAROLD MONTGOMERY,

                Plaintiff,

v.

MDC WARDEN SHERMA DUNBAR,
CITY OF NEW YORK,

                Defendants.

19-CV-5441 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On June 6, 2019, Plaintiff Harold Montgomery filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, asserting a violation of his federal constitutional rights. When he filed this action, Plaintiff was detained at the Manhattan Detention Complex. On August 28, 2019, the Court scheduled an initial status conference on October 25. Dkt. 17. The Clerk's Office mailed a copy of this order to the address provided by Plaintiff on August 29. That order, however, was returned to the Court as undeliverable because Montgomery was no longer detained at the Manhattan Detention Complex.

On October 11, without having received any correspondence from Plaintiff since June, the Court directed Plaintiff to update his address of record within 30 days of the date of the order. The Court warned that failure to comply might result in dismissal of the action without prejudice. As a precaution, that order was sent to the Manhattan Detention Complex – the only address that the Court has on record for Plaintiff – but that too was returned as undeliverable.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* due to a plaintiff's failure to update his address. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Fields v. Beem*, No. 13-CV-0005 (GTS/DEP), 2013 WL 3872834, at *2 (N.D.N.Y. July 24, 2013) ("A plaintiff is required to notify the Court when

his address changes, and failure to do so is sufficient to justify dismissal of a plaintiff's complaint.") (collecting cases). Indeed, on July 19, the Clerk of Court mailed general instructions for *pro se* litigants to Plaintiff. Those instructions state, in bold, that "[i]f your contact information changes, it is your responsibility to notify the court in writing, even if you are incarcerated and transferred to another facility or released from custody." Dkt. 12 (Information Package).

However, to date, Plaintiff has not updated his address with the Court, nor is it clear whether Plaintiff intends to proceed with this action. Because Plaintiff has not updated his address with the Court and the Court thus has no means of corresponding with Plaintiff, the instant action is dismissed for failure to prosecute without prejudice pursuant to Rule 41(b). The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated:   November 12, 2019
         New York, New York

Ronnie Abrams
United States District Judge